# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

PHILIP BAGLEY,

    Plaintiff,

vs.                                                       Case No. 4:12cv611-WS/CAS

KENNETH S. TUCKER, et al.,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

Defendants removed this case on November 27, 2012, doc. 1, and after denial of Defendants' motion requesting that Plaintiff be required to file an amended complaint on federal court forms, docs. 4-5, Defendants have filed an omnibus motion to stay this case and dismiss the case, doc. 11, on January 2, 2013. The motion, in essence, requests that the case be stayed until Plaintiff pays the costs of a prior case which he had filed against these Defendants raising the same claim and then voluntarily dismissed. Doc. 11 at 5-6. Defendant's motion also requests that Plaintiff's complaint be dismissed because Plaintiff failed to disclose his prior litigation. *Id.* at 7-8. Further, Defendants request that counts two and three of Plaintiff's complaint be severed. *Id.* at 12-16. Finally, Defendants Tucker and Sanchez request that the complaint against them be dismissed because Plaintiff presents no allegations against them. *Id.* at 16-17.

As noted previously in this case, Plaintiff submitted a hand-written complaint in state court to initiate this action. *See* doc. 5, citing to doc. 2-1. Plaintiff was not required to use a federal civil rights complaint form to initiate a case in state court. Because the complaint sufficiently alleged the facts in a straight-forward manner in compliance with Rule 8, Defendant's motion requesting Plaintiff be required to file an amended complaint on the court forms used in this Court was denied. Doc. 5. Although there was apparently no requirement that Plaintiff disclose all prior litigation, Plaintiff did point to one case in his complaint which he advised raised "some of the issues" Plaintiff brings in this case. Doc. 2-1 at 7. The case Plaintiff cited was case number 1:10cv22243, filed in the Southern District of Florida. Plaintiff did not cite case number 4:12cv280, previously filed in this Court.

Case number 4:12cv280 was removed to this Court from state court on June 8, 2012. Doc. 1 of that case. Defendants paid the filing fee for that case. *Id.* Thereafter, Plaintiff filed a motion seeking to remand the case back to state court. Doc. 6. That motion was denied, doc. 8, on June 26, 2012, finding removal was appropriate. On June 27, 2012, Plaintiff filed a notice of voluntary dismissal. Doc. 9. The notice was accepted and that case was closed on July 2, 2012. Doc. 10. On August 29, 2012, Plaintiff filed a motion to amend his complaint, doc. 11, and a renewed motion for remand, doc. 12, seeking to revive the case. Plaintiff's motions were summarily denied because Plaintiff had already dismissed his case. Doc. 13.

On October 1, 2012, Plaintiff initiated another case in state court, doc. 2-1, which was again removed to this Court. It is that complaint which initiated this case. Yet, as has been noted, because Plaintiff initiated the case in state court, there was no

requirement that Plaintiff use this Court's civil rights complaint form. The form used in this Court is designed, in part at least, to enforce the "three strikes" provision of 28 U.S.C. § 1915(g) and determine whether Plaintiff's prior litigation bars him from proceeding in forma pauperis. There are other important reasons for requiring a prisoner litigant to disclose his prior cases when filing a case in this Court, and those reasons are amply explained in the motion to dismiss, doc. 11 at 9-11. Yet this Court is not faced with the situation in which an inmate initiated a case in federal court, was granted in forma pauperis status, required to use a specific complaint form, and had his complaint reviewed as required by 28 U.S.C. § 1915A prior to service. Instead, Plaintiff initiated a case in state court on October 1, 2012, and Defendants removed the case to federal court and paid the $350.00 filing fee. It has not been demonstrated that Plaintiff was required to use a particular complaint form or that Plaintiff was required to make full disclose of all his prior cases in state court and skirted those requirements.

Defendants argue that Plaintiff declared "in his Complaint that he has not initiated any other cases about his incarceration or confinement beyond the single proceeding Plaintiff did disclose" and assert that is "absolutely false." Defendants' argument goes too far. Plaintiff was not presented with a question requiring him to attest to the completeness of his litigation history; he only disclosed a prior case which was related to that case.[1] Such an attestation is required in the civil rights complaint form used in this Court, but no such direct question or declaration was requested of Plaintiff in state court. Plaintiff swore that the facts of his complaint were true, doc. 2-1

---

[1] Notably, Plaintiff failed to also include case number 4:12cv280 in that statement. Doc. 2-1 at 7.

at 47, but his statement concerning prior lawsuits was not, apparently, a full disclosure of all cases. The motion to dismiss for failure to make full and complete disclosure of all Plaintiff's prior litigation, as it exists in this case and on this record, should be denied. "Dismissal is a very harsh sanction, however, and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Dunphy v. McKee, 134 F.3d 1297, 1299 (7th Cir. 1998) (citations omitted), *quoted in* Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998). This case, and the failure to disclose case number 4:12cv280 in the complaint, doc. 2-1 at 7, is not extreme conduct and the motion to dismiss, doc. 11, should be denied.

Pursuant to Rule 41(d)(2), Defendants also seek an order which stays this case until Plaintiff pays the costs of his prior litigation, case number 4:12cv280-RH/CAS, because Defendants contend Plaintiff was forum shopping. Doc. 11 at 6. Rule 41(d) provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." FED. R. CIV. P. 41(d). The clear language of the statute provides that a court's authority to impose costs is discretionary, not mandatory. Defendants state that they expended "$366.80 in costs" litigating case number 4:12cv280. Doc. 11 at 2. They contend that "Plaintiff is clearly forum shopping." *Id.* at 6. Defendants point out that because they removed Plaintiff's first case to federal court, case number 4:12cv280, that "Plaintiff had no reason to believe

that Defendants would not remove his second proceeding to federal court, just as they did with the first proceeding." Id. at 6-7.

The fact that Plaintiff initially tried to seek remand in case number 4:12cv280 and then quickly dismissed the case when his motion to remand was denied suggests that Defendants are correct in believing that Plaintiff has attempted to forum shop for the better court in which to bring his claims. Plaintiff quickly initiated this case again in state court after his renewed motions for remand and to amend were denied. Plaintiff's efforts have resulted in the needless expenditure of funds by Defendants to now litigate a case that could have been litigated from case number 4:12cv280.

"A party moving for costs under Rule 41(d) must show: (1) the plaintiff dismissed a previous action; (2) the plaintiff then commenced a second action that is based upon or includes the same claim against the same defendant; and (3) the defendant incurred costs in the prior action that will not be useful in the newly-filed litigation." Groom v. Bank of America, 8:08cv2567, 2010 WL 627564, at *5 (M.D. Fla. Feb. 23, 2010), *citing* Siepel v. Bank of America, N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006). An award of costs under Rule 41 is discretionary. Groom, 2010 WL 627564, at *5; Cadle Co. v. Beury, 242 F.R.D. 695, 697 (S.D. Ga. 2007) (finding it appropriate to require the plaintiff to "pay a substantial portion" of the defendants' costs of defending a prior action and staying the case pending payment); Saunders v. Eslinger, 6:11cv1591 (2012 WL 6212882, at *2-3 (M.D. Fla. Dec. 13, 2012) (declining to award costs under Rule 41(d) or stay the case because Plaintiff's inability to pay the costs "would be the equivalent of

a dismissal with prejudice."); McRae v. Rollins College, 6:05cv1767, 2006 WL 1320153, at *1, 3 (M.D. Fla. May 15, 2006) (denying Rule 41 motion for costs and attorney fees).[2]

Courts have imposed the costs of a previously filed case on a litigant where "the parties ha[d] entered into a stipulation of dismissal in the previous case that authorize[d] Defendant to file a motion for costs under Rule 41(d) in the event the Plaintiff, as here, should refile an action on the same claim." Wishneski v. Old Republic Ins. Co., 5:06cv148, 2006 WL 4764424, at *2 (M.D. Fla. Oct. 10, 2006) (imposing costs, but denying a request to stay the proceed because the amount was not substantial and no bad faith was shown in the prior dismissal). However, there need not be a stipulated dismissal to award costs under the Rule, as costs have been imposed where plaintiffs voluntarily dismissed their claims and then filed another action against the same defendants, raising substantially the same claims, based upon the same facts or issues. *See* Groom, *Id.* at 6; Reserve Place, LLC v. Regions Bank, 3:10cv364, 2010 WL 4854542, at *2 (N.D. Fla. Nov. 23, 2010) (staying the case until costs were determined and paid). Indeed, the "mere addition of a defendant or a new claim or two does not prevent the application of Rule 41(d) so long as there are claims in the new case that arise from the same nucleus of operative facts such that the new case can be said to be 'based on or including' previously brought and dismissed claims." Russell-Brown v. Jerry, II, 270 F.R.D. 654, 660 (N.D.Fla. Aug. 19, 2010).

---

[2] The Court noted, however, that "Defendants neither objected to Plaintiffs motion for voluntary dismissal nor sought to condition the refiling upon the payment of costs." *Id.* at *2. In this case, however, Plaintiff's notice of voluntary dismissal of case 4:12cv280 was granted without opportunity for Defendants to object.

Case No. 4:12cv611-WS/CAS

It is recognized that imposing costs under Rule 41(d) "promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources." Cadle Co. v. Beury, 242 F.R.D. 695, 698 (S.D. Ga. 2007), *quoted in* Groom v. Bank of America, 8:08cv2567, 2010 WL 627564, at * 1 (M.D. Fla. Feb. 23, 2010). Where Plaintiff's conduct is based on forum shopping, a motion to impose costs would appear to be appropriate. However, this case is faced with a similar situation to that of Saunders v. Eslinger, *supra*. There, the court declined to enter a Rule 41(d) award because Plaintiff's in forma pauperis status meant he would be unable to pay such an award. In that instance, imposing costs as a condition to continue the case "would be the equivalent of a dismissal with prejudice." 2012 WL 6212882, at *2-3. "The Eleventh Circuit has stated that a '[d]ismissal with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.'" Goforth v. Owens, 766 F.2d 1533, 35 (11th Cir. 1985), *quoted in* Saunders, 2012 WL 6212882, at "3.

This case sufficiently demonstrates that Plaintiff was forum shopping and sought to litigate his claims in state court rather than federal court. It has been sufficiently shown that Plaintiff filed a prior case (case number 4:12cv280) based on the same issues and facts he now seeks to litigate in this case.[3] However, review of the prior

---

[3] Plaintiff's prior complaint in case number 4:12cv280 was against the Secretary of the Department of Corrections, Ken Tucker, and Defendants Sanchez and Miller, for the denial of medical care beginning in November 2011 and for the permitted use of chemical agents against inmates who suffer with asthma and COPD, sleep deprivation, and other conditions of confinement, and for not housing Plaintiff in a geriatric facility since he claims to be an "elderly" inmate. Doc. 1-1 at 11-37 of case 4:12cv280. There were three separate counts presented in that complaint. These same claims, also

case reveals that after Defendants were served, the notice of removal was filed on June 8, 2012. Doc. 1 of that case. Defendants sought an extension of time in which to file an answer, doc. 4, which was granted, doc. 5 of that case. Plaintiff then voluntarily dismissed the case prior to the answer being filed. Thus, although Defendants paid the filing fee to remove the prior case, and filed a notice of removal and motion for extension of time, no substantial work was performed in that case. If this case had been re-filed after considerable time and effort had been expended in litigating the prior case, the recommendation here might be different. On these facts, however, the case should not be stayed pending Plaintiff's payment of costs, because the case would likely remain stayed indefinitely. See Wishneski, 2006 WL 4764424 at *2 (declining to stay the case because Defendant's costs for the prior case were not substantial, but permitting the defendant to file an appropriate motion if plaintiff did not pay the costs). That would not be beneficial to either this Court or the Defendants. Here, Plaintiff's in forma pauperis motion demonstrates he has no funds with which to pay an award of costs. Doc. 2-1 at 52-56. Thus, it is recommended that the motion for costs, doc. 11, be granted and an award of costs in the amount of $366.80 be imposed upon Plaintiff pursuant to Rule 41(d) and Plaintiff should be required to pay those costs in the same

---

presented against Tucker, Sanchez, Miller, and other additional Defendants, are presented in the instant complaint which begins with events in September 2011, and includes the November 2011 allegations, and allegations concerning the use of pepper-spray, and the failure to transfer Plaintiff to a geriatric facility. Doc. 2-1 at 4-47.

Case No. 4:12cv611-WS/CAS

manner as provided for in the payment of filing fees[4] pursuant to § 1915, but the motion to stay this case pending payment of costs be denied.

As for the motion to dismiss the claims against Defendants Tucker and Sanchez, doc. 11, that request should be granted. Plaintiff essentially admits in his response to Defendants' motion that he seeks to impose liability against Sanchez "for wrongs committed by Miller's gross incompetence." Doc. 24 at 22; *see also* at 38-41. Further, Plaintiff seeks to hold Tucker "responsible for Sanchez's tacit agreement and acquiescence of Miller's wrongs accorded Plaintiff." *Id.* It is well established that a prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others. The doctrine of *respondeat superior* does not provide a basis for recovery under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). Plaintiff's only claims against Tucker and Sanchez are for their role as supervisors. Although Plaintiff seeks to argue in his response that these two Defendants are sued because of their responsibilities over policies and procedures, doc. 24 at 40-41, or for failure to train or correct a pattern of wrongs, *Id.* at 42, the complaint fails to present such allegations. Doc. 2-1. Because a

---

[4] Pursuant to 28 U.S.C. § 1915(f)(1), "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . ." The statute also provides that "If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered." 28 U.S.C. § 1915(f)(2)(A). "The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2)." 28 U.S.C. § 1915(f)(2)(B).

Defendant cannot be held liable for the actions or omissions of others but can only be held responsible if he participated in the deprivation of a plaintiff's constitutional rights, the motion to dismiss must be granted as to Defendants Sanchez and Tucker. Plaintiff provided not one factual allegation against either Sanchez or Tucker, and they should be dismissed for failure to state a claim.

As for the motion to sever misjoined parties, Defendants contend that "Plaintiff should only be permitted to proceed on one of his three claims." Doc. 11 at 16. Had Plaintiff initially filed his case in this Court, Plaintiff would have been required to comply with the instructions on the complaint form that Plaintiff must limit his claims to one "basic incident or issue" and if Plaintiff desires to bring other claims, he must do so "in a separate civil rights complaint." Plaintiff has attempted to bring three separate complaints in one case, with no common fact or question of law between the three claims or various Defendants. The motion to sever should be granted and Plaintiff required to file an amended complaint, on court forms provided to him by the Clerk's Office, limited to the one issue he desires to pursue. Which issue should be left to Plaintiff's discretion and, thus, the Court should not simply sever the complaint on its own but require Plaintiff to comply with Fed. R. Civ. P. 8, 18, and 20.

**Plaintiff's motion for a preliminary injunction, doc. 9**

It was previously noted that Plaintiff's motion for a preliminary injunction should not be considered until after review of Defendants' motion to dismiss. *See* doc. 13 at 2. In light of this recommendation and the requirement that Plaintiff be required to submit an amended complaint, the motion for a preliminary injunction, doc. 9, should be denied.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff's original complaint has been found insufficient as to several Defendants and Plaintiff should be required to submit an amended complaint, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief. Therefore, the motion for a preliminary injunction, doc. 9, should be denied.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss this case for Plaintiff's failure to disclose his prior litigation, doc. 11, be **DENIED**; that the motion to impose costs of $366.80 be **GRANTED** pursuant to Rule 41(d), doc. 11, but that the motion to stay this case pending payment of those costs, doc. 11, be **DENIED**; that the motion to sever, doc. 11, be **GRANTED** and Plaintiff required to submit an amended complaint; and the motion to dismiss the claims against Defendants Tucker and Sanchez, doc. 11, be **GRANTED** as the complaint fails to state a claim against those Defendants. It is further **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 9, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 25, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**