IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


PHILLIP BAGLEY,

    Plaintiff,

vs.                                    Case No. 4:12cv611-WS/CAS

CAPT. S. HERRING,
C.O. J. DOWNUM,
and C.O. A. MURPHY,

    Defendants.

    _____/


## SECOND REPORT AND RECOMMENDATION[1]

After adoption, doc. 38, of the first report and recommendation, doc. 25, the pro se Plaintiff was ordered to file an amended complaint. Plaintiff's amended complaint was filed on June 6, 2013, doc. 42, but after review of the amended complaint, Plaintiff was ordered to submit a second amended complaint because the amended complaint did not comply with the prior orders. Doc. 43. In particular, Plaintiff was reminded that he was required to limit the claim to only one incident or issue as Defendants' motion to

---

[1] The first report and recommendation, doc. 25, which was adopted on May 8, 2013, doc. 38, denied Defendant's motion to dismiss this case for Plaintiff's failure to disclose his prior litigation, doc. 11, but granted a motion to impose costs of $366.80 against Plaintiff. The claims against Defendants Tucker and Sanchez were dismissed, the motion to sever, doc. 11, was granted and Plaintiff was required to submit an amended complaint "limited to the one issue he desires to pursue." Docs. 25, 38.

sever was previously granted. *Id.; see* doc. 38. Plaintiff filed his second amended complaint on July 15, 2013. Doc. 44.

Defendants have filed a motion to dismiss this case pursuant to FED. R. CIV. P. 41(b) on the basis that "Plaintiff's Second Amended Complaint seeks relief for not one (1) incident, but no less than twelve (12) separate incidents from March through July of 2012." Doc. 45 at 4. Defendants argue that Plaintiff has not alleged any connection between the events and, thus, because Plaintiff has not complied with the Court's instructions or Rule 8, the case should be dismissed. *Id.* Defendants further contend that Plaintiff also included a claim that he was verbally threatened in violation of the First Amendment. *Id.*

In reply, Plaintiff contends Defendants mis-characterized his allegations. Doc. 47. Construed liberally, Plaintiff's response generally defends the second amended complaint by pointing out that he has submitted a statement of facts which concern a custom or policy in the use of pepper-gas in the housing areas. *Id.* Plaintiff asserts that he did comply with Rule 8 and with this Court's prior orders. *Id.*[2]

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To

---

[2] Plaintiff submitted 72 pages of exhibits to his response. Doc. 47-1. The exhibits have not been reviewed.

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955.[3]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). *Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."

---

[3] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

**Analysis**

The second amended complaint contains factual allegations regarding numerous uses of pepper gas in Plaintiff's housing area.  Doc. 44.  Plaintiff contends that prior to the use of chemical agents, ventilation and exhaust fans are turned off to, presumably, increase the discomfort.  Plaintiff alleges he violated no prison rules and the only purpose was "to cause Plaintiff pain and injury." *Id.*

Construed liberally, Plaintiff's second amended complaint alleges a pattern or practice in the use of pepper spray of turning off ventilation and exhaust fans.  Plaintiff alleges he suffered harm by that practice.  Although the facts allege numerous separate instances of the use of the pepper spray, the complaint is essentially limited to one basic issue: whether or not the Defendants' practices in using chemical agents violates the Constitution.

It is true that Plaintiff also included an allegation that he was threatened with violence for using the grievance procedures, but that inclusion is minimal.  Plaintiff's facts concerning that claim come within two, one-sentence paragraphs.  Doc. 44 at 9.  Those allegations are that "Defendant Herring threatened Plaintiff in his housing area with violence, that he would 'spray everyone unless the noise stopped.' " *Id.* at ¶11; *see also* ¶12.  If it were obvious that the only deficiency in the second amended complaint

were the included of a second issue, the motion to dismiss would be denied. However, in the statement of claims, Plaintiff stated: "By threatening Plaintiff with violence when Plaintiff violated no prison rule but exercising his right to seek redress through the prison systems grievance procedure and redress through the courts violated Plaintiff's rights under the 1st Amendment to the U.S. Constitution." Doc. 44 at 12. The factual allegations do not support the conclusory claim that Plaintiff was threatened because of the exercise of his First Amendment rights. Rather the factual allegations explain that the threat came because of the noise level. Because there are no facts presented which support a First Amendment claim that Plaintiff was threatened because of the exercise of protected First Amendment activity such as filing grievances, the motion to dismiss that claim should be granted.

  Defendants' argument that Plaintiff's second amended complaint fails to comply with Rule 8 is erroneous. Under Fed. R. Civ. P. 8(a), a pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2), *quoted in* <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 1634, 171 L.Ed.2d 577 (2005). Thus, the allegations of a complaint need only give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 1634, *quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff's second amended complaint does so. The recitations of facts is short and to the point, but that does not mean Plaintiff did not comply with Rule 8. The usual deficiency in prisoner complaints is a lengthy list of details which are not relevant and not focused. Plaintiff's second amended complaint complies with Rule 8 and the motion to dismiss is denied.

Case No. 4:12cv611-WS/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' second motion to dismiss, doc. 45, be **GRANTED in part and DENIED in part**. Plaintiff's First Amendment claim should be dismissed for failure to state a claim, but the motion to dismiss should otherwise be denied. Defendants should be provided ten days in which to file an answer to Plaintiff's second amended complaint, doc. 44, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 22, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**