IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILIP BAGLEY,

    Plaintiff,

vs.                                             Case No. 4:12cv611-WS/CAS

KENNETH S. TUCKER, et al.,

    Defendants.

                                        /

## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a notice of voluntary dismissal pursuant to FED. R. CIV. P. 41(a). Doc. 94. Plaintiff states only that his dismissal is "for substantial medical reasons." *Id.* Plaintiff's notice is signed only by Plaintiff and is not a stipulated notice of dismissal.

Rule 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." This case was removed to federal court on November 27, 2012, doc. 1, and after prolonged proceedings, Defendants filed an Answer, doc. 59, to Plaintiff's second amended complaint, doc. 44. In this circumstance, Plaintiff may not voluntarily dismiss his case without a court order.

Moreover, this case has been pending for nearly two years.  Discovery began in March 2014, doc. 60, and Plaintiff has moved to extend the discovery deadline twice. Docs. 70, 90.  Within a month of granting Plaintiff's second extension of time, Plaintiff now seeks to voluntarily dismiss this case.  Because this request has come so late in the proceedings, with substantial time invested in this case, and on the verge of summary judgment, dismissal is only permissible pursuant to Rule 41(a)(2).

Under that Rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2).  The Rule also provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  FED. R. CIV. P. 41(a)(1)(B).  In this case, Plaintiff is bringing the same claims he sought to bring in a prior case filed in this Court, case number 4:12cv280, which he voluntarily dismissed after Defendants removed that case to federal court.  Plaintiff has already been assessed costs of $366.80 due to that prior case and a finding that Plaintiff was forum shopping.  *See* docs. 25, 38.  As this has been Plaintiff's second case, if not third case concerning the same events and issues,[1] dismissal must now be with prejudice.

**RECOMMENDATION**

---

[1] In his initial complaint filed in state court, Plaintiff reported having previously filed case number 1:10cv22243, filed in the Southern District of Florida, which he advised raised "some of the issues" Plaintiff brings in this case.  Doc. 2-1 at 7.

Case No. 4:12cv611-WS/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's notice of voluntary dismissal, doc. 94, be **ACCEPTED,** and Plaintiff be permitted to dismiss this action.  Pursuant to FED. R. CIV. P. 41(a)(1)(B), dismissal is **with prejudice** as Plaintiff has previously brought a case challenging the use of force (concerning the manner in which pepper spray is used) which he also voluntarily dismissed.

**IN CHAMBERS** at Tallahassee, Florida on September 26, 2014.

S/   Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE